DURIE TANGRI LLP
CLEMENT S. ROBERTS (SBN 209203)
croberts@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone: 415-362-6666
Facsimile:    415-236-6300

Attorneys for Plaintiff
OAKLEY, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC.<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>POLYLITE TAIWAN CO., LTD.<br><br>　　　　　Defendant. | Case No. 8:15-cv-00036<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Oakley, Inc. ("Oakley"), for its Complaint against Defendant Polylite Taiwan Co., Ltd. ("Polylite") alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought by Oakley to obtain declaratory judgment that Polylite has no rights against Oakley regarding the following patents ("Patents-in-Suit") pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201:

   a. U.S. Patent No. 8,002,404, entitled "Prescription Lens and Method of Making Same," issued on August 23, 2011 ("the '404 patent"). A true and correct copy of the '404 patent is attached as Exhibit 1.

   b. U.S. Patent No. 8,449,111, entitled "Method of Making Prescription Lens" issued on May 28, 2013 ("the '111 patent"). A true and correct copy of the '111 patent is attached as Exhibit 2.

## THE PARTIES

2. Oakley is a corporation organized and existing under the laws of the State of Washington, with principal place of business located at One Icon, Foothill Ranch, California, in the County of Orange.

3. On information and belief, Polylite Taiwan Co., Ltd. ("Polylite") is a company organized under the laws of the Republic of China (Taiwan) and having an address at 29-32 Hsu-Tzu-Kang, Ta-Yuan Hsiang, Tao-Yuan County, Taiwan. On information and belief, Polylite is the owner of the '404 patent and the '111 patent.

4. On information and belief, Polylite's registered agent and purported managing member is Sung Yi-Hsin. Polylite's registered corporate address is 29-32 Hsu-Tzu-Kang, Ta-Yuan Hsiang, Tao-Yuan County, Taiwan.

5. Polylite claims to be the owner by assignment of the right, title and interest of the Patents-in-Suit.

## JURISDICTION AND VENUE

6. This lawsuit is a civil action arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and the Declaratory Judgment Act, 35 U.S.C. § 2201. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This court has personal jurisdiction over the Defendant pursuant to the laws of the State of California, including California's long-arm statute, California Code of Civil Procedure § 410.10.  Among other things, Polylite has taken actions to enforce the Patents-in-Suit in this judicial district by drafting and threatening to file a complaint (attached hereto as Exhibit 3) asserting infringement of the Patents-in-Suit and, on information and belief, by retaining counsel (Alexander Calfo at Barnes & Thornburg) in this judicial district for purpose of enforcing the Patents-in-Suit.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## POLYLITE'S THREATS AGAINST OAKLEY

9. On or about July 16, 2014, Bryan G. Harrison of the law firm Morris Manning & Martin, LLP, counsel for Polylite, sent a letter to John M. Alpay of Oakley (Exhibit 4).  The letter asserts, among other things, that "we believe that a license to these patents would be in Oakley's and Polylite's mutual interest."  A true and correct copy of that letter is attached hereto as Exhibit 3.  In the letter, counsel for Polylite alleged that certain of Oakley's "True Digital Edge$^{TM}$ prescription products" infringe the Patents-in-Suit.

10. On August 20, 2014, Mr. Harrison sent Mr. Alpay a second letter.  (Exhibit 3).  That letter attached a draft complaint alleging infringement of the Patents-in-Suit.

11. In subsequent communications with Mr. Harrison, the undersigned counsel has informed Polylite that Oakley and its customers do not infringe any valid claim of the Patents-in-Suit.

12. Polylite's letter, draft complaint and other communications with Oakley and its counsel create an actual case or controversy as to whether Oakley and Oakley's customers are infringing any valid claim of the Patents-in-Suit.

13. Polylite's letter and other communications with Oakley show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT

14. The foregoing paragraphs are incorporated by reference as if fully restated herein.

15. Polylite has asserted that Oakley's products, including at least the Flak Jacket® XLJ frame with True Digital Edge™ prescription lenses, infringe at least claims 1 and 11 of the '404 patent and at least Claim 1 of the '111 patent. *See* Exhibit 3, Draft Complaint at ¶¶ 13-29.

16. Oakley's products do not, however, infringe any claims of the Patents-in-Suit. For example, the True Digital Edge products do not infringe any claim of the '404 patent at least because they lack the claimed annular zones and do not infringe any claim of the '111 patent at least because they lack a front lens surface with a front base curve configured to match a curve profile of the frame.

17. Based on Polylite's letters and other communications with Oakley, its threat of litigation for patent infringement as shown by the draft complaint, and Oakley's denial of infringement, an actual case or controversy exists as to whether Oakley infringes any valid or enforceable claim of the Patents-in-Suit, and Oakley is entitled to a declaration that the Patents-in-Suit are not infringed.

## COUNT II

## DECLARATORY OF INVALIDITY

18. The foregoing paragraphs are incorporated by reference as if fully restated herein.

3

19. All of the claims of the Patents-in-Suit are invalid under the United States Patent Act, including pursuant to 35 U.S.C. §§ 101, 102, 103, and 112.

20. All of the claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. § 101 because they purport to claim unpatentable abstract concepts. For example, the claims of the '111 patent are directed to an abstract idea and contain no "additional elements" that would transform them into patent-eligible subject matter.

21. All of the claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. §§ 102 and/or 103 because they are anticipated and/or rendered obvious by prior art.

22. All of the claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. § 112 because they are indefinite, not enabled, and/or lack sufficient written description.

23. Based on Polylite's letters and other communications with Oakley, its threat of litigation for patent infringement as shown by the draft complaint, and Oakley's denial of infringement, an actual case or controversy exists as to whether Oakley and Oakley's customers infringe any valid or enforceable claim of the Patents-in-Suit, and Oakley is entitled to a declaration that the Patents-in-Suit are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Oakley respectfully requests that:

a. Judgment that Oakley does not infringe any valid claim of the Patents-in-Suit;

b. A judgment that the asserted claims of the Patents-in-Suit are invalid and/or unenforceable;

c. That this case be found an exceptional case under 35 U.S.C. § 285, entitling Oakley to be awarded the attorney fees, costs, and expenses that it incurs in prosecuting this action;

d. Such other and further relief as the Court may deem just and proper.

4

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO. 8:15-CV-00036

## **JURY DEMAND**

Oakley hereby requests a trial by jury, pursuant to Federal Rule of Civil Procedure 38(b), on all issues so triable.

Dated:  January 9, 2015                                         DURIE TANGRI LLP

                                                          By:     */s/ Clement S. Roberts*
                                                                  CLEMENT S. ROBERTS

                                                          Attorneys for Plaintiff
                                                          OAKLEY, INC.